UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE NATHANUEL SAWYER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 21-cv-11871<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT (ECF NOS. 17, 18)**

## I.    Introduction

Plaintiff Jimmie Nathanuel Sawyer, Jr., proceeding pro se, appeals

the final decision of defendant Commissioner of Social Security

(Commissioner), which denied his application for a period of disability and

disability insurance benefits (DIB) and supplemental security income (SSI)

under the Social Security Act.  Both parties have filed summary judgment

motions, referred to this Court for a report and recommendation under 28

U.S.C. § 636(b)(1)(B).  ECF No. 17; ECF No. 18.  After review of the

record, the Court **RECOMMENDS** that:

- Sawyer's motion (ECF No. 17) be **DENIED**;

- the Commissioner's motion (ECF No. 18) be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II.   Background

### A.  Sawyer's Background and Disability Application

Born in October 1976, Sawyer was 42 years old when he applied for DIB and SSI in June 2018, with an alleged disability onset date of November 1, 2013.  ECF No. 15, PageID.75, 82.  He had past relevant work as a commercial cleaner.  *Id.* at PageID.82.  Sawyer claimed disability from a rod and screws in his right femur and hip and poor eyesight.  *Id.* at PageID.116-117.

After a hearing, during which Sawyer and a vocational expert (VE) testified, the ALJ found Sawyer not disabled.  *Id.* at PageID.75, 83.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.* at PageID.65.  Sawyer timely filed for judicial review.  ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c); 416.920(c).

the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Sawyer was not disabled.  At the first step, she found that Sawyer had not engaged in substantial gainful activity since the alleged onset date of November 1, 2013.  ECF No. 15, PageID.77-78.  At the second step, she found that Sawyer had the severe impairments of "history of right femur fracture status-post surgical fixation with an intramedullary rod."  *Id.* at PageID.78. Next, the ALJ concluded that none of Sawyer's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  *Id.*

Between the third and fourth steps, the ALJ found that Sawyer had the RFC to perform a reduced range of light work:

> [Sawyer] can lift and/or carry up to twenty pounds occasionally and up to ten pounds frequently.  He can stand and/or walk for no more than four hours in an eight-hour workday, and can sit up to six hours in an eight-hour-workday.  He can occasionally balance, stoop, and climb ramps and stairs, but can never kneel, crouch, crawl or climb ladders, ropes or scaffolds.

*Id.*  At step four, the ALJ found that Sawyer cannot perform any past relevant work as a commercial cleaner.  *Id.* at PageID.82.  At the final step, after considering Sawyer's age, education, work experience, RFC, and testimony of the VE, the ALJ determined that there were jobs in significant

4

numbers that Sawyer could perform, including positions as a marker,

routing clerk, and router.  *Id.* at PageID.82-83.

## III.   Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence[2] and

conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*,

741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an
> existing administrative record and asks whether it contains
> sufficient evidence to support the agency's factual
> determinations.  And whatever the meaning of substantial in
> other contexts, the threshold for such evidentiary sufficiency is
> not high.  Substantial evidence, this Court has said, is more
> than a mere scintilla.  It means—and means only—such
> relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks

omitted).  The substantial-evidence standard does not permit the Court to

independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965

F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the

evidence and substitute its own judgment for that of the Commissioner

---

[2] Only the evidence in the record below may be considered when
determining whether the ALJ's decision is supported by substantial
evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Sawyer's one-page motion for summary judgment appears to assume that this Court will reweigh the evidence relied on by the ALJ. He does not assert that the ALJ's decision lacks the support of substantial evidence; he merely lists some of the ALJ's favorable findings[3] and contends that he is unfamiliar with the occupations cited by the VE. ECF No. 17, PageID.333.

Sawyer's one-page response to the Commissioner's motion for summary judgment is marginally better than his motion, but it falls well short of showing that the ALJ's decision should be reversed. He contends that the ALJ improperly considered emergency records from 2011 and gave too much weight to a medical consultant's opinion; that he has trouble walking; and that the VE testified that needing unscheduled breaks or two

---

[3] Sawyer lists these findings of the ALJ: (1) Sawyer meets the insured status requirements through December 2014; (2) he has not engaged in substantial gainful activity since November 2013; (3) he has severe impairments that limit the ability to perform basic work activities; and (4) he cannot perform past relevant work. ECF No. 17, PageID.333.

days per month off work would preclude work.  ECF No. 19, PageID.349.

But Sawyer cites no evidence in the record and the Court has no duty to

search for evidence to support his claims.  "Judges are not like pigs,

hunting for truffles that might be buried in the record."  *Knight Capital*

*Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir.

2019) (citation and internal quotation marks omitted).

Sawyer also fails to develop the legal significance of his perfunctory

claims, meaning that his claims are waived.  "Issues adverted to in a

perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived."  *Bickerstaff v. Lucarelli*, 830 F.3d 388,

396 (6th Cir. 2016) (citation and internal quotation marks omitted); *see also*

*Doolittle v. Comm'r of Soc. Sec.*, No. 18-4176, 2019 WL 6464019, at *2

(6th Cir. Sept. 4, 2019) (stating that pro se litigants are required to submit

adequate briefs).

What is more, the arguments that Sawyer makes in his response brief

lack merit.

## B.

Sawyer contends that the ALJ improperly considered emergency

records predating the alleged onset date in November 2013.  ECF No. 19,

PageID.349.  While medical evidence that predates the alleged onset of

7

disability is generally of limited relevance, it can still be probative when it "shows findings indicative of an ongoing or chronic impairment that does not improve or fluctuate." *Hill v. Comm'r of Soc. Sec.*, No. 17-10089, 2018 WL 1404416, at *8 (E.D. Mich. Feb. 27, 2018) (internal quotation marks omitted).  Sawyer's claimed impairment is ongoing.  Over 20 years ago, he fractured his right femur in a car accident and required surgery for placement of "hardware" including a rod and screw.  ECF No. 15, PageID.115.  He claims that his pain from this injury has worsened over time and has restricted his mobility.  *Id.*  Since Sawyer had the alleged impairment at the time of his emergency visit in July 2011, observations of his condition at that time are relevant.  The ALJ expressly recognized that the records predated the alleged onset date by two years—and she did not rely on them as her sole source of support.  *Id.* at PageID.80-81.  Thus, the ALJ did not err by considering the emergency records.

Sawyer also contends that the ALJ gave too much weight to the opinion of "state agency medical consultant" Thomas Flake, M.D., because he did not order or review x-rays and only performed a limited examination. ECF No. 19, PageID.349.  It is unclear whether this argument relates to Dr. Flake, the state-agency reviewing physician who did not examine Sawyer, or Leonidas Rojas, M.D., the consultative examiner who did evaluate

8

Sawyer.  ECF No. 15, PageID.120, 305.  In either case, the argument lacks merit.  Far from giving Dr. Rojas's opinion too much weight, the ALJ found it unpersuasive because it was "not consistent with or supported by the medical evidence."  *Id.* at PageID.81.

The ALJ found "somewhat persuasive" Dr. Flake's opinion limiting Sawyer to lifting and carrying ten pounds; standing and walking for four hours; sitting for six hours; occasionally climbing ramps and stairs, balancing, stooping, kneeling, and crouching; and never climbing ladders, ropes, and scaffolds.  *Id.* at PageID.81, 120-121.  But the ALJ found that Sawyer could lift or carry up to 20 pounds occasionally given his testimony that he could lift 25 pounds.  *Id.* at PageID.81, 103.  Sawyer cites no evidence showing that the ALJ erred in finding Dr. Flake's opinion somewhat persuasive.  He argues that Dr. Flake reviewed no imaging studies, but the March 2019 x-rays of his right leg, knee, and hip showed no abnormalities other than the hardware.  *Id.* at PageID.312, 314, 316, 318.  Thus, Sawyer does not show that Dr. Flake's opinion would have changed because of the imaging studies.

Sawyer also contends that he has trouble walking and requires frequent breaks, speculating that the hardware in his leg could be deteriorating.  ECF No. 19, PageID.349.  But the ALJ considered Sawyer's

subjective complaints and found them inconsistent with the medical evidence.  ECF No. 15, PageID.79.  Sawyer makes no argument and cites no evidence showing that this conclusion was flawed.  "Generally, when a social security disability claimant simply fails to present any contemporaneous medical evidence of disability from the relevant time period, the claimant cannot carry their burden of proving their disability for the relevant period."  *Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 478 (6th Cir. 2018) (alterations and internal quotations marks omitted).

Sawyer next challenges the ALJ's determination that he can perform the three occupations cited by the VE because he is unaware of what field the jobs are in, where they can be found, and what education and skills are required.  ECF No. 17, PageID.333.  The VE explained at the hearing that the cited jobs were unskilled, entry-level positions that would require only 30 days of training on the job.  ECF No. 15, PageID.112-113.  The industries involved and whether specific vacancies exist are irrelevant, as claimants are not disabled even if they remain unemployed because of inability to get work, lack of work in their local area, economic conditions, or not wishing to do a particular type of work.  20 C.F.R. §§ 404.1566(c); 416.966(c); *see Carbary v. Comm'r of Soc. Sec.*, No. 20-11292, 2021 WL 4075826, at *6 (E.D. Mich. Aug. 19, 2021), *adopted* 2021 WL 4061051

10

(E.D. Mich. Sept. 7, 2021) ("[I]t does not matter whether work exists in Carbary's area of residence or if a specific vacancy exists for her." (alterations and internal quotation marks omitted)).

Last, Sawyer notes the VE's testimony that a claimant would be precluded from working if he needed unscheduled breaks and would be off task for 20% of the day or if he missed two or more workdays per month. ECF No. 15, PageID.111.  But Sawyer does not state that he would require breaks or would miss two workdays per month, let alone cite evidence showing that he would be so restricted.  The Court rejects this argument.

## IV.   Conclusion

The Court **RECOMMENDS** that Sawyer's motion for summary judgment (ECF No. 17) be **DENIED**, the Commissioner's motion for summary judgment (ECF No. 18) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: June 22, 2022

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2022.

s/Marlena Williams____
MARLENA WILLIAMS
Case Manager