UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE NATHANUEL
SAWYER, JR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 21-cv-11871
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 21), (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18) AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 17)**

In this action, Plaintiff Jimmie Nathanuel Sawyer, Jr. challenges the denial of his applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. (*See* Compl., ECF No. 1.) Sawyer and Defendant Commissioner of Social Security have now filed cross-motions for summary judgment. (*See* Mots., ECF Nos. 17, 18.)

On June 22, 2022, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) grant Defendant's motion for summary judgment and (2) deny Sawyer's motion (the "R&R"). (*See* R&R, ECF No. 20.) At the conclusion of the R&R, the Magistrate Judge informed

1

the parties that if they wanted to seek review of her recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.361.) The Magistrate Judge then explained to the parties the form that the objections should take:

> Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, any non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

(*Id.*)

On July 13, 2022, Sawyer sent a two-page letter to the Court. (*See* Sawyer Ltr., ECF No. 21.) The letter did not comply with the formatting instructions provided by the Magistrate Judge. Instead, it was written in the narrative format. In the letter, Sawyer explained that he suffers from substantial pain and that he has frequently been unable to see "a doctor [] due to [lapses] in insurance." (*Id.*, PageID.363.) He further said that his injuries have prevented him from "maintain[ing] meaningful work during the past 20 years." (*Id.*) Finally, Sawyer told the Court that the Administrative Law Judge assigned to his case did not allow

2

him to present x-rays of his "surgically repaired" leg, and he took issue with the "tone" and ultimate conclusion of the R&R. (*Id.*, PageID.363-364.)

To the extent that Sawyer's July 13 letter constitutes objections to the R&R, the objections are insufficient as a matter of law. Under controlling precedent from the United States Court of Appeals for the Sixth Circuit, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). *See also Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation failed to "specifically address how [the Magistrate Judge's] factual and legal recommendations were incorrect").[1] Here, Sawyer's July 13 letter does not address the Magistrate Judge's legal analysis in any way. Nor does it identify any specific factual or legal error in the R&R. Instead, it largely repeats many of the same points that Sawyer previously presented to the Magistrate Judge and objects, at the highest level of generality, to the conclusion reached in the R&R. Because Sawyer's

---

[1] *See also Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (explaining that "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"); *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context").

3

objections do not address the Magistrate Judge's reasoning or legal analysis, his objections must be overruled.

By overruling Sawyer's objections, the Court does not mean to minimize the pain and financial difficulties that Sawyer has experienced. It is clear from his submissions that these hardships have substantially impacted his life. But, in this case, Sawyer has failed to show an entitlement to relief.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to (1) grant Defendant's motion for summary judgment and (2) deny Sawyer's motion for summary judgment is **ADOPTED**.

**IT IS FURTHER ORDERED** that (1) Sawyer's motion for summary judgment (ECF No. 17) is **DENIED** and (2) the Commissioner's motion for summary judgment (ECF No. 18) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126